**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILIENE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER HEMPERLEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.  1:16-cv-34** |
| **ROY HAGEN and CON-WAY** | § | |
| **TRUCKLOAD, INC. d/b/a CON-WAY** | § | |
| **TRUCKLOAD,** | § | |
| **Defendants.** | § | |

## INDEX OF DOCUMENTS

COMES NOW, CON-WAY TRUCKLOAD, INC. (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered civil action, and submits this its Index of Documents filed in the State Court Action, pursuant to the Federal Rules of Civil Procedure, and which are attached to Defendant's *Notice of Removal*:

| | **Document** | **Date** |
|---|---|---|
| 1. | Plaintiff's Original Petition | 01/22/16 |
| 2. | Plaintiff's First Amended Petition and Discovery | 02/03/16 |
| 3. | Original Answer of Defendant Con-Way Truckload, Inc. | 02/24/16 |
| 4. | Defendant's Jury Demand | 02/24/16 |
| 5. | Defendant's Notice of Removal | 02/24/16 |
| 6. | State Court Docket Sheet | 02/24/16 |



Respectfully submitted,

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ASHLEY A. SMITH**
State Bar No. 24049385
*asmith@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CON-WAY TRUCKLOAD, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Federal Rules of Civil Procedure on this the __23rd__ day of February, 2016.

**VIA E-FILE AND**
**CMRRR 9214 7969 0099 9790 1606 3237 84**
S. Tim Yusuf
Yusuf Legal Group, P.C.
11200 Broadway, Suite 2743
Pearland, Texas 77584

Rodrigo R. DeLlano, Jr.
Danziger & De Llano, LLP
440 Louisiana St., Suite 1212
Houston, TX 77002

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**

Filed 1/22/2016 11:32:57 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE NO. _____10682-D_____

| | | |
|---|---|---|
| CHRISTOPHER HEMPERLEY,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | OF TAYLOR COUNTY, TEXAS |
| ROY HAGEN &<br>CON-WAY TRUCKLOAD INC. DBA<br>CON-WAY TRUCKLOAD<br>Defendants. | §<br>§<br>§<br>§ | Taylor 350th District Court _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, CHRISTOPHER HEMPERLEY, Plaintiff, complaining of ROY HAGEN

AND CON-WAY TRUCKLOAD INC. DBA CON-WAY TRUCKLOAD, Defendants,

and for cause would respectfully show the following:

### I.
### CLAIMS FOR RELIEF

1.  Pursuant to TEX. R. CIV. P. 47(a): Plaintiff sustained personal injuries and

    damages from a vehicle collision caused by Defendant's negligence.

2.  Pursuant to TEX. R. CIV. P. 47(b):  Plaintiff seeks damages within the jurisdictional

    limits of this Court.

3.  Pursuant to TEX. R. CIV. P. 47(c)(4):  Defendant's negligence caused injuries and

    damages requiring monetary relief over $100,000 but not more than $1,000,000.

### II.
### PARTIES

4.  Plaintiff, CHRISTOPHER HEMPERLEY, is an individual residing in Jonesboro,

    Georgia.

5.  Defendant, ROY HAGEN, is an individual residing in Garden Grove, Orange

    County, California, and may be served with process at his home address at 9381

1

Weldon Dr., Garden Grove, Orange County, California 92841 or wherever he may be found.  Service on Defendant is hereby requested at this time.

6. Defendant, CON-WAY TRUCKLOAD INC. DBA CON-WAY TRUCKLOAD, is a _____ doing business in the State of _____ for purpose of monetary profit and may be served with process by serving its Director/President/Registered Agent, _____.

### III.
### VENUE AND JURISDICTION

7. Venue is proper in Taylor County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), as all or part of Plaintiff's causes of action accrued in Taylor County.

8. Jurisdiction is proper in this Court as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

### IV.
### FACTUAL BACKGROUND

9. On January 24, 2014, Plaintiff, Christopher Hemperley was parked at the Flying J located at I-20 Exit 277 101 N. FM707, Tye, Taylor County, Texas 79563.

10. While he was stopped and in bed, Mr. Hemperley's trailer was struck by Mr. Hagen's trailer who was backing his trailer against Mr. Hemperley's trailer. The impact was so hard that it caused Mr. Hemperley to fall out of his bed and sustained injuries.

11. As a result of the aforementioned collision caused by Defendant's negligence, Plaintiff sustained personal injuries and damages which were proximately caused by the acts, or omissions of the Defendant, as described below.

### V.

## CAUSES OF ACTION

### NEGLIGENCE OF ROY HAGEN

12.   Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

13.   The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence, negligence per se and/or gross negligence of the Defendant, ROY HAGEN, for a variety of acts and/or omissions, including but not limited to one or more of the following:

   a.   In failing to control the speed of the vehicle;

   b.   In failing to maintain proper distance;

   c.   In operating said vehicle in a careless and reckless manner;

   d.   In failing to apply, or timely apply, the brakes of said vehicle in time to avoid the aforesaid collision;

   e.   In failing to keep a proper lookout;

   f.   In failing to keep said vehicle under reasonable and proper control;

   g.   In failing to pay full time attention in operating the vehicle;

   h.   In failing to bring the vehicle to a stop immediately prior to the aforesaid collision and failing to maintain a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

   i.   In failing to obey the statutes of the State of Texas as they pertain to the operation of a vehicle;

14.   Each and all of the above acts and/or omissions constituted negligence and each and all were a proximate cause of the damages suffered by Plaintiff, which forms the basis of this suit.

### NEGLIGENT HIRING AND RETENTION OF CON-WAY TRUCKLOAD INC

Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

15.     CON-WAY TRUCKLOAD INC was also negligent in its hiring, training, supervision, monitoring and retention of employees in that its employee, Roy Hagen, in the course and scope of his employment, committed the following negligent and dangerous actions:

   a.  In failing to control the speed of the vehicle;

   b.  In failing to maintain proper distance;

   c.  In operating said vehicle in a careless and reckless manner;

   d.  In failing to apply, or timely apply, the brakes of said vehicle in time to avoid the aforesaid collision;

   e.  In failing to keep a proper lookout;

   f.  In failing to keep said vehicle under reasonable and proper control;

   g.  In failing to pay full time attention in operating the vehicle;

   h.  In failing to bring the vehicle to a stop immediately prior to the aforesaid collision and failing to maintain a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

   i.  In failing to obey the statutes of the State of Texas as they pertain to the operation of a vehicle;

16.     Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with not election or waiver of rights or remedies.

4

## VI.
### VICARIOUS LIABILITY OF CON WAY TRUCK LOAD INC

17.    Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

18.    At the time of the incident, Roy Hagen was operating a Tractor-Trailer in the course and scope of his employment with Con-Way Truckload.    Con-Way Truckload Inc. is legally responsible to Plaintiff for the negligent conduct of Mr. Hagen under the legal doctrines of respondeat superior, agency and/or ostensible agency because Mr. Hagen was at all times material hereto an agent, ostensible agent, servant and/or employee of Con-Way Truckload Inc., and was acting within the course and scope of such agency or employment.  As a result thereof, Con-Way Truckload Inc. is vicariously liable for all negligence of Mr. Hagen.

19.    DEFENDANT CON-WAY TRUCKLOAD INC. is vicariously liable for the acts of its actual agents in fact, apparent agents, ostensible agents, agents by acts of estoppel and/or omissions.  As such, Defendant is responsible for the actions of Roy Hagen, under the doctrines of respondeat superior, corporate negligence, statutory regulations, apparent or ostensible agency, agency by estoppel and violation of non-delegable duties.

5

## VII.
## DAMAGES

20. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

21. Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendants, Plaintiff was caused to suffer serious permanent personal injuries, all of which have caused Plaintiff's damages in the past, and will cause Plaintiff damages in the future, including physical pain, mental anguish, loss of earning capacity, physical impairment, disfigurement, medical and hospital expenses, for which Plaintiff should be compensated in accordance with the laws of the State of Texas.

22. Upon trial of this case, it will be shown that Plaintiff sustained injuries and damages as a proximate result of the Defendant's negligence; and Plaintiff will respectfully request the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. From the day of the incident in question until the time of the trial of this cause, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows: the physical pain that Plaintiff suffered from the date of the collision in question up to the time of trial; the mental anguish that Plaintiff has suffered from the date of the collision in question up to the time of trial; the amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the

collision in question up to the time of trial; the diminished earning capacity sustained by Plaintiff from the date of the collision in question up to the time of trial; the physical incapacity and disability suffered by the Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; the disfigurement which Plaintiff has suffered from the date of the collision in question up to the time of trial; and the physical impairment suffered by Plaintiff from the date of the collision in question up to the time of trial.

## VIII.
### PLAINTIFF'S REQUEST FOR DISCLOSURES

23. Pursuant to TEX. R. CIV. P. 194.3(a), Defendants are requested to disclose, within 50 days of service of this request, the information and material described in TEX. R. CIV. P. 194.2(a)–(l).

## IX.
### INTERROGATORIES TO DEFENDANT CON-WAY TRUCKLOAD INC.

24. Pursuant to TEX. R. CIV. P. 197.2(a), DEFENDANT CON-WAY TRUCKLOAD INC. is requested to answer the following Interrogatories within 50 days of service of process.

**Interrogatory No. 1**
If you contend that any of Plaintiff's actions or omissions contributed to the incident, please describe how, in detail.

**Interrogatory No. 2**
Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of each person who provided information requested by these interrogatories. For each person identified, please state the information that person provided.

**Interrogatory No. 3**
Please state whether or not any insurer has denied coverage, or indicated that it is reserving its right to deny coverage, refuses to provide a defense, or refuses to

pay all or part of any judgment, and, if so, please identify every document containing or referring to any such denial, refusal, or reservation of rights.

**Interrogatory No. 4**
Do you contend that Plaintiff violated any traffic laws at the time or immediately prior to the collision? If so, describe what you contend to be the violation and give the statute number of the violation.

**Interrogatory No. 5**
Do you contend that any personal injuries or damages sustained by Plaintiff were caused by any incident which occurred either before or after the incident in question or any disease or physical condition which is not the result of the incident made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

**Interrogatory No. 6**
Do you intend to attempt to impeach Plaintiff, or any family member, employee, agent, representative, attorney or any other natural person or business or legal entity associated in any way with or acting or purporting to act for or on behalf of Plaintiff, with evidence of a criminal conviction, if any, as described in Rule 609 of the Texas Rules of Evidence? If so, please describe in detail such evidence, giving name of accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted. Please be as specific as you intend to be at trial.

**Interrogatory No. 7**
Do you intend to attempt to impeach any witness with evidence of a criminal conviction, if any, as described in Rule 609 of the Texas Rules of Evidence? If so, please describe in detail such evidence, giving name of accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted. Please be as specific as you intend to be at trial.

**Interrogatory No. 8**
Please state completely and fully all representations, statements, declarations or admissions of which you are aware that are relevant to the pending lawsuit and were made by <u>Plaintiff, or any family member, agent, servant or employee of Plaintiff</u>. Include in your answer when the communication was made, the total verbatim communication, and if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**Interrogatory No. 9**
Please identify your trial witnesses. A complete answer should include the name, address, and telephone number of any person who is expected to be called to testify at trial, along with a brief description of the subject matter upon which that witness is expected to testify. This interrogatory is not seeking the identity of rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

**Interrogatory No. 10**
Please state in detail your understanding of how the collision occurred.  Include in your answer:
a)        your understanding of the cause of the collision,   and
b)        the name, address, phone number, job title, and job description of all persons, excluding your attorneys, who provided or recorded information upon which you have relied in answering this interrogatory

**Interrogatory No. 11**
Identify all inspections, repairs, and maintenance of any vehicle involved in the incident made the basis of this lawsuit made during the 30 days prior to the incident made the basis of this cause of action, and include as part of your answer the name, address, telephone number, and work performed of each said inspection, repair, or maintenance performed.

**Interrogatory No. 12**
Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Supreme Court of Texas which you contend extends the holdings of *Robinson*.  Please state the basis of your contention that they are not qualified.

**Interrogatory No. 13**
Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck on January 24, 2014. What facts gave rise to your subjective relief?

**Interrogatory No. 14**
If the tractor-trailer driven by ROY HAGEN involved in this suit was equipped with a crash date recorder or "black box", please advise if the data has been downloaded from that recorder.  If so, please identify who downloaded the data from that recorder and the results of the downloaded data.

10

**Interrogatory No. 15**
Please identify all employees (drivers and non-drivers) of CON-WAY TRUCKLOAD INC. for the five years previous to the incident made the basis of this suit through present. In your response, with regard to drivers, please be sure to list all drivers regardless of whether the driver was paid by the mile, paid a salary, or paid by 1099 as an independent contractor. Please include in your response at least the following information:

a.      each employee's name, last known address and phone number;

b.      each employee's title and job description; and,

c.      whether the person is a current or former employee. For all former employees, please, specify the last date of employment and reason for termination of employment.

## X.
## PLAINTIFF'S REQUESTS FOR PRODUCTION

25.     Pursuant to Tex. R. Civ. P. 196.2(a), Defendants are requested to answer the

following Requests for Production within 50 days of service of process.

### DEFINITIONS OF TERMS USED HEREIN

A.      Defendants: As used herein the term "Defendants" means ROY HAGEN and CON-WAY TRUCKLOAD INC., its departments, agencies, and subdivisions, its employees, drivers, independent contractors, owner/operators, trip lessors and its attorneys, investigators, brokers, agents, or any other representatives.

B.      Accident: Unless otherwise defined in a specific request, the term "Accident", as used herein, means the accident occurring on or about January 24, 2014 at the Flying J located at I-20 Exit 277 101 N. FM707, Tye, Taylor County, Texas 79563.

C.      Accident Files and Records: The term "Accident Files and Records", as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents, letters to or from or records and reports required from Defendant by other organizations, state and/or Federal governmental agencies.

D.      Co-Driver: As used herein "Co-Driver" means any person(s) driving or riding with Roy Hagen time to time in over-the-road motor carrier equipment, owned or operated by Defendant, and from time to time working for or with Roy

11

Hagen in the capacity of a co-driver and/or driver trainer.

E.     Driver: As used herein, the term "Driver or Drivers" means any person employed, or contracted for or with, by Defendant, including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to Defendant and drivers by any other person or organization who perform driving services for or on behalf of Jones Delivery Service, Inc.

F.     Driver's Qualification File: As used herein, the term "Driver's Qualification File", means those records specifically required by the FMCSR Part 382, 383 and 391 (see Definitions "M" and "N") to be created and maintained by CON-WAY TRUCKLOAD INC. on any driver who performs services or work for or on behalf of CON-WAY TRUCKLOAD INC.  For your convenience, a basic description and definition of the documents requested is shown in sub-definitions "F-1 through F- 13", found in request number 7 herein, which are incorporated in this definition by reference.  The definition does not include those documents defined in Definition "G" or other definitions found herein.

G.     Driver's Personnel File: The term "Driver's Personnel File", as used herein, means any and all files, records, communications or documents created by a driver, CON-WAY TRUCKLOAD INC. or any other person or organization that contains documents directed to, received from or about a driver (see Definition "E"). For your convenience, a basic description and definition of the documents required are shown in sub-definitions "G-l through G-5" found in request number 9 herein, which are incorporated in this definition by reference. This definition does not include those documents found in Definition "F" or other definitions herein.

H.     Trip-Operational Documents: The term "Trip", as used herein, is defined as the transportation and/or movement of one load of cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel empty or unloaded from that destination point to the next point or location of loading, end of trip or new trip origin.  The meaning of the term "Operational Documents", as used herein, is clearly defined in sub-definitions "H-1 through H-7" found in request number 95 herein for your convenience, which are incorporated in this definition by reference and are applicable to the records generated for each trip made by CON-WAY TRUCKLOAD INC. during the time period requested.

I.      Tractor: The term "Tractor", as used herein, unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by CON-WAY TRUCKLOAD INC. at the time the accident occurred.

J.      Trailer: The term "Trailer", as used herein, unless otherwise defined in a specific request herein, means any Trailer that may have been attached to the power unit being operated by CON-WAY TRUCKLOAD INC. on the date of the accident.

K.    Hours of Service Records: As used herein, the term "Hours of Service Records", means any and all documents created in reference to the FMCSR Part 395 (see definitions "M" and "N"), including, but not limited to, driver's record of duty status or driver's daily logs, time worked cards or other time work records or summaries, CON-WAY TRUCKLOAD INC.'s administrative driver's record of duty status or log audits and/or 70/60-hour log audits or summaries along with any records or reports of violations or, any otherwise described documents advising Defendant of hours of service violations.  This specifically includes all advice, reprimands or warnings given or sent to ROY HAGEN or any of his co-driver(s) for violations of the FMCSR Part 395 (see definitions "M" and "N"), "Hours of Service of Drivers" Regulations created by or on behalf of CON-WAY TRUCKLOAD INC.

L.    Maintenance Files and Records: As used herein, the term "Maintenance Files and Records", means those documents required to be created and/or maintained by CON-WAY TRUCKLOAD INC. in accordance with the FMCSR Part 396 (see Definitions "M" and "N"), "Inspection, Repair and Maintenance." This includes, but is not limited to, all driver's Tractor and Trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendant or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of  Defendant on the Tractor or Trailer as defined in Definitions "I" and "J" herein.  This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of Defendant.

M.    CFR, Title 49, Parts 382 through 397: As used herein, "CFR Title 49" means the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Highway Administration, Subchapter B- Parts 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the accident in question, hereinafter referred to as "FMCSR, Parts 382, 383, 385, 387, 391, 392, 393, 395, 396, or 397."

N.    FMCSR: As used herein, "FMCSR" means the "Federal Motor Carrier Safety Regulations" as defined in Definition "M" herein.

O.    FOMCHS: As used herein, "FOMCHS" means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations," which is the federal agency having jurisdiction and field enforcement responsibilities for the FMCSR as defined in Definition "M" and "N" herein.

P.      TXMCSR: As used herein, "TXMCSR" means the "State of Texas Motor Carrier Safety Regulations" as adopted by the Texas Department of Public Safety in effect on the date of the accident.  These rules are basically the same as the Federal Motor Carrier Safety Regulation as defined in Definitions "M", "N" and "O", herein and are applicable to motor carriers within the state of Texas.

Q.      Complete and Clearly Readable Copies: As used herein, the terms "Complete and clearly readable copies" means copies that are not reduced in size, unless the document being copied exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person.  Plaintiff requests that each document that is reproduced by copy methods to satisfy this request, be produced on one page (one document per page), separate and apart from all other documents produced.  If the copies reproduced to satisfy any request herein are not clearly readable, Plaintiff requests the originals be produced for purposes of viewing and copying by the plaintiff. The originals will be timely returned to the producing defendant.

R.      HMR: As used herein, "HMR" means the "Hazardous Materials Regulation", Parts 170 through 179, found in the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Subtitle B-other regulations relating to Transportation titled "The Hazardous Materials Regulations" in effect on the date of the accident in question, hereinafter referred to as "HMR Part 170, 171, 172, 173, 177, or 178.  These rules have also been accepted by The State of Texas as set forth in definition "P" found herein.

1.      A copy of ROY HAGEN's driver logbook for the time period beginning three months before and ending one month after the incident made the basis of this suit.

2.      A copy of ROY HAGEN's DOT physical card which was in effect the date of the accident made the basis of this lawsuit.

3.      A copy of any and all of ROY HAGEN's driver's license(s).

4.      A copy of ROY HAGEN's social security card.

5.      Any copy of the driving record of ROY HAGEN which is in Defendant's possession.

6.      Copies of all drug, alcohol, and/or controlled substance test results ever performed on the driver, ROY HAGEN.

7.      Complete and clearly readable copies of the "Driver Qualification File" (see Definition "F") maintained by Defendant on ROY HAGEN along with any other documents contained therein, in their precise state of existence on the date of the incident made the basis of this suit.  Please refer to the following sub-Definitions "F-1 through F- 13" herein and follow them closely.

14

F-1.   Any pre-employment questionnaire or other documents secured from ROY HAGEN prior to employment.

F-2.   Any and all completed application for employment secured from both before and/or after the actual date of contract or employment of ROY HAGEN.

F-3.   All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to ROY HAGEN.

F-4.   All of ROY HAGEN's annual violation statements which should include one for each twelve months of contract or employment with the Defendant motor carrier in the case.

F-5.   All actual driver's motor carrier road tests administered to ROY HAGEN.

F-6.   All actual driver's motor carrier written tests administered to ROY HAGEN.

F-7.   All road and written test certificates issued by CON-WAY TRUCKLOAD INC. or any other motor carrier or organization to ROY HAGEN regardless of the date issued or the originator of such certificates.

F-8.   All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by CON-WAY TRUCKLOAD INC. from past employers of ROY HAGEN.

F-9.   All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by Defendant, or other organizations on behalf of Defendant, from state and federal governmental agencies relative to ROY HAGEN's traffic and accident record.

F-10.  Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant, regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to ROY HAGEN or his co-drivers presently in their personal possession.

F-11.  All annual reviews, file reviews or file summaries and related summaries and related documents found in the drive qualification file of ROY HAGEN.

15

**F-12.**   All documents relative to any drug testing of ROY HAGEN; and,

**F-13.**   Any and all other contents of ROY HAGEN's driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

8.    Complete and clearly readable copies of any and all other documents added to ROY HAGEN **"Driver Qualification File"** (see Definition "F") from January 24, 2014 to the present date, as presently maintained by CON-WAY TRUCKLOAD INC.  Please identify and produce such documents separate and apart from the documents requested in Request Number 7 herein.

9.    Complete and clearly readable copies of the **"Driver Personnel File"** (see Definition "G"), and/or any otherwise titled files on ROY HAGEN or in reference to ROY HAGEN's services, from initial contract or employment with CON-WAY TRUCKLOAD INC. to the present date.  Please refer to the following sub-definitions G-1 through G-5 and follow them closely.

**G-1.**   Applications for Employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records computer generated documents and any other summary type document regardless of subject, description or form relative to ROY HAGEN or the services performed by ROY HAGEN.

**G-2.**   Hiring, suspension, termination, warning notes, complaints, letters, memorandums and any other similar type documents relative to ROY HAGEN.

**G-3.**   Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to ROY HAGEN.

**G-4.**   FOMCHS (see Definition "O") or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by ROY HAGEN, or any of his co-drivers.

**G-5.**   Any and all other documents found in such a file, regardless of description, title, form, origin, or subject, maintained by the Defendant in reference to ROY HAGEN, excluding only those documents required by the FMCSR Part 391, Driver Qualification, (see Definition "F") defined in request number 7, sub-definitions "F-1 through F-13" herein.

16

10. Complete and clearly readable copies of any state of FOMCHS (see Definition "O"), issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of ROY HAGEN, his co-drivers, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of Defendant. This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State or Federal Motor Carrier Safety or Hazardous Materials Regulations (see Definitions "M" and "R") that may have been issued in reference to the activities of ROY HAGEN or his co-drivers or driver trainers from October 9, 2013 to present date.

11. Complete and clearly readable copies of any and all other accident or incident file and records (see Definition "C") maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, where ROY HAGEN, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

12. A copy, if any, of the arrest complaint and final order of adjudication regarding any charges filed against ROY HAGEN as a result of, or arising out of the incident made the basis of this cause of action.

13. Copies of any time logs, payroll documents, or similar documents evidencing the amount of time worked by ROY HAGEN during the one month period prior to the incident in question.

14. Copies of any counseling statements, employee discipline statements, or similar documents pertaining to ROY HAGEN.

15. Copies of all documents that refer or relate to any training received by ROY HAGEN while employed by Defendant.

16. Copies of all handbooks or other documents relating to commercial driver training ROY HAGEN received from you.

17. Copies of all videos, manuals, or other materials provided to or reviewed by ROY HAGEN regarding driving trucks.

18. All non-privileged documents which reflect, depict or discuss the physical or mental condition of ROY HAGEN before or after the incident in question.

19. Documents evidencing any online and/or computer based commercial driver training ROY HAGEN received while employed by you.

20. Produce a copy of ROY HAGEN's medical certificate as of the date of the incident in questions.

17

21.     Produce copies of ROY HAGEN's phone and pager logs and phone and pager bills for the time period beginning three months before and ending one month after the incident made the basis of this suit.

22.     Any records or documentation (medical or non-medical) concerning ROY HAGEN that would indicate whether ROY HAGEN was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

23.     Any documentation concerning ROY HAGEN involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

24.     All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that ROY HAGEN was an unsafe driver.

## *EQUIPMENT*

25.     A copy of the title to the truck ROY HAGEN was driving at the time in question.

26.     A copy of the title to the trailer ROY HAGEN was towing at the time in question.

27.     The vehicle license receipt for the vehicle operated by Defendant and any other documents which show the weight of such vehicle and the trailer at the time of the incident in question.

28.     Copies of any and all repair estimates and bills for the damages to the vehicle Defendant was driving at the time of the collision made the basis of this lawsuit.

29.     Any fixtures removed from Defendant's vehicle before or after the incident made the basis of this claim.

30.     Complete and clearly readable copies of any and all maintenance files and records (see Definition "L") from 01.01.2008 to present maintained by Defendant in accordance with the FMCSR/TXMCSR, Part 396 (see Definitions "M" and "N") on the Tractor (see Definition "I") involved in the accident inclusive of any inspections, repair or maintenance done to the Tractor. In addition, all driver daily vehicle condition reports submitted by any driver(s) on the Tractor from October 9, 2013 through October 9, 2013_ in the possession of Defendant. This specifically includes all the driver vehicle condition reports, maintenance files and records maintained by any other person(s) or organization(s) that ROY HAGEN or CON-WAY TRUCKLOAD INC. may have borrowed, rented or leased the Tractor from, or who performed maintenance

18

services on behalf of, or for CON-WAY TRUCKLOAD INC. or ROY HAGEN.

31.     Complete and clearly readable copies of any and all maintenance files and records (see Definition "L") from January 24, 2013 to present maintained by Defendant in accordance with the FMCSR/TXMCSR, Part 396 (see Definitions "M" and "N") on the Trailer (see Definition "J") pulled by ROY HAGEN inclusive of any inspections, repair or maintenance done to the Trailer. In addition, all driver daily vehicle condition reports submitted by any driver(s) from January 24, 2013 through January 22, 2014 in the possession of Defendant. This specifically includes all the driver vehicle condition reports, maintenance files and records maintained by any other person(s) or organization(s) that ROY HAGEN or JONES DELIVERY SERVICE, INC. may have borrowed, rented or leased the Tractor from, or who performed maintenance services on behalf of, or for CON-WAY TRUCKLOAD INC. or ROY HAGEN.

32.(A)  The truck-tractor and the semi-trailer combination operated by Defendant at the time of the collision made the basis of this suit for purpose of inspection, photographing and making measurements.

32.(B)  A copy of all data, image material, reports, or download data relating to the ECM (or vehicle, or engine computer) of Defendant's vehicle obtained after the incident made the basis of this suit.

33.     Produce true and correct copies of all fines assessed and/or paid for failing inspections relating to the tractor-trailer made the basis of this lawsuit that were conducted between January 24, 2013 and February 24, 2014, inclusive.

34.     Copies of any contracts, leases or similar agreements between any and all parties or potential parties to this suit which refer or relate to the vehicle ROY HAGEN was operating at the time of the incident which forms the basis of this suit.

35.     All documents that would reflect the weight being transported by the front axle of the truck-tractor on the occasion in question.

36.     All documents reflecting or from which could be derived the weight being carried by the drive axles of the combination on the occasion in question.

37.     All documents reflecting or from which could be derived the weight of the trailer axle of the combination on the occasion in question.

38.     All documents reflecting or from which could be derived the total weight for the truck-tractor semi-trailer combination on the occasion in question.

39.     A copy of the weight-bill for the cargo being transported.

40.     All documents reflecting or from which could be derived the empty

19

weight for the truck-tractor semi-trailer combination on the occasion in question.

XI.
PRAYER

26.     WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be

cited to appear and answer herein and upon final judgment, this Court award

Plaintiff all relief sought in accordance with TEX. R. CIV. P. 47(d) and all relief to

which Plaintiff may be entitled, general or specific, at law or in equity.

Respectfully submitted,

YUSUF LEGAL GROUP, P.C.

By: _____

S/ Tim Yusuf
State Bar No. 50511534
Pearland Town Center
11200 Broadway, Suite 2743
Pearland, Texas 77584
Telephone:  866-249-7633
Facsimile:  866-249-7635
tyusuf@yusuflegal.com


DANZIGER & DE LLANO, LLP
/S/

_____

Rodrigo R. de Llano, Jr.
State Bar No. 00786666
440 Louisiana Street, Suite 1212
Houston, TX 77002
Phone: (713) 222-9998
Facsimile: (713) 222-8866
rod@dandell.com

ATTORNEYS FOR PLAINTIFF
VICTOR AYERS



Filed 2/3/2016 2:45:34 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE NO. 10682-D

| | | |
|---|---|---|
| CHRISTOPHER HEMPERLEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | OF TAYLOR COUNTY, TEXAS |
| | § | |
| ROY HAGEN & | § | |
| CON-WAY TRUCKLOAD, INC. DBA | § | |
| CON-WAY TRUCKLOAD | § | |
| Defendants. | § | 350TH JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED PETITION
### AND DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, CHRISTOPHER HEMPERLEY, Plaintiff, complaining of ROY HAGEN

AND CON-WAY TRUCKLOAD INC. DBA CON-WAY TRUCKLOAD, Defendants,

and for cause would respectfully show the following:

### I.
### CLAIMS FOR RELIEF

1.     Pursuant to TEX. R. CIV. P. 47(a): Plaintiff sustained personal injuries and

damages from a vehicle collision caused by Defendant's negligence.

2.     Pursuant to TEX. R. CIV. P. 47(b): Plaintiff seeks damages within the jurisdictional

limits of this Court.

3.     Pursuant to TEX. R. CIV. P. 47(c)(4): Defendant's negligence caused injuries and

damages requiring monetary relief over $100,000 but not more than $1,000,000.

### II.
### PARTIES

4.     Plaintiff, CHRISTOPHER HEMPERLEY, is an individual residing in Jonesboro,

Georgia.

5.     Defendant, ROY HAGEN, is an individual residing in Garden Grove, Orange

County, California.  Service of citation on Defendant is hereby requested and

1

may be completed by certified mail to his home address, 9381 Weldon Dr., Garden Grove, California 92841.

6.    Defendant, CON-WAY TRUCKLOAD INC. DBA CON-WAY TRUCKLOAD, is a foreign for-profit corporation doing business in the State of Texas. Service of citation is requested at this time and may be completed by certified mail to its registered agent for service in Texas: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin Texas 78701.

### III.
### VENUE AND JURISDICTION

7.    Venue is proper in Taylor County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), as all or part of Plaintiff's causes of action accrued in Taylor County.

8.    Jurisdiction is proper in this Court as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

### IV.
### FACTUAL BACKGROUND

9.    On January 24, 2014, Plaintiff, Christopher Hemperley was parked at the Flying J located at I-20 Exit 277 101 N. FM707, Tye, Taylor County, Texas 79563.

10.   While he was stopped and in bed, Mr. Hemperley's trailer was struck by Mr. Hagen's trailer who was backing his trailer against Mr. Hemperley's trailer. The impact was so hard that it caused Mr. Hemperley to fall out of his bed and sustained injuries.

2

11.     As a result of the aforementioned collision caused by Defendant's negligence, Plaintiff sustained personal injuries and damages which were proximately caused by the acts, or omissions of the Defendant, as described below.

## V.
## CAUSES OF ACTION

### NEGLIGENCE OF ROY HAGEN

12.     Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

13.     The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence, negligence per se and/or gross negligence of the Defendant, ROY HAGEN, for a variety of acts and/or omissions, including but not limited to one or more of the following:

    a.  In failing to control the speed of the vehicle;

    b.  In failing to maintain proper distance;

    c.  In operating said vehicle in a careless and reckless manner;

    d.  In failing to apply, or timely apply, the brakes of said vehicle in time to avoid the aforesaid collision;

    e.  In failing to keep a proper lookout;

    f.  In failing to keep said vehicle under reasonable and proper control;

    g.  In failing to pay full time attention in operating the vehicle;

    h.  In failing to bring the vehicle to a stop immediately prior to the aforesaid collision and failing to maintain a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

    i.  In failing to obey the statutes of the State of Texas as they pertain to the

3

operation of a vehicle;

14.   Each and all of the above acts and/or omissions constituted negligence and each and all were a proximate cause of the damages suffered by Plaintiff, which forms the basis of this suit.

### NEGLIGENT HIRING AND RETENTION OF CON-WAY TRUCKLOAD INC

Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

15.   CON-WAY TRUCKLOAD INC was also negligent in its hiring, training, supervision, monitoring and retention of employees in that its employee, Roy Hagen, in the course and scope of his employment, committed the following negligent and dangerous actions:

   a.   In failing to control the speed of the vehicle;

   b.   In failing to maintain proper distance;

   c.   In operating said vehicle in a careless and reckless manner;

   d.   In failing to apply, or timely apply, the brakes of said vehicle in time to avoid the aforesaid collision;

   e.   In failing to keep a proper lookout;

   f.   In failing to keep said vehicle under reasonable and proper control;

   g.   In failing to pay full time attention in operating the vehicle;

   h.   In failing to bring the vehicle to a stop immediately prior to the aforesaid collision and failing to maintain a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

   i.   In failing to obey the statutes of the State of Texas as they pertain to the operation of a vehicle;

4

16.    Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with not election or waiver of rights or remedies.

## VI.
### VICARIOUS LIABILITY OF CON WAY TRUCK LOAD INC

17.    Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

18.    At the time of the incident, Roy Hagen was operating a Tractor-Trailer in the course and scope of his employment with Con-Way Truckload.    Con-Way Truckload Inc. is legally responsible to Plaintiff for the negligent conduct of Mr. Hagen under the legal doctrines of respondeat superior, agency and/or ostensible agency because Mr. Hagen was at all times material hereto an agent, ostensible agent, servant and/or employee of Con-Way Truckload Inc., and was acting within the course and scope of such agency or employment.    As a result thereof, Con-Way Truckload Inc. is vicariously liable for all negligence of Mr. Hagen.

19.    DEFENDANT CON-WAY TRUCKLOAD INC. is vicariously liable for the acts of its actual agents in fact, apparent agents, ostensible agents, agents by acts of estoppel and/or omissions.    As such, Defendant is responsible for the actions of Roy Hagen, under the doctrines of respondeat superior, corporate negligence, statutory regulations, apparent or ostensible agency, agency by estoppel and violation of non-delegable duties.

5

## VII.
## DAMAGES

20.     Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

21.     Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendants, Plaintiff was caused to suffer serious permanent personal injuries, all of which have caused Plaintiff's damages in the past, and will cause Plaintiff damages in the future, including physical pain, mental anguish, loss of earning capacity, physical impairment, disfigurement, medical and hospital expenses, for which Plaintiff should be compensated in accordance with the laws of the State of Texas.

22.     Upon trial of this case, it will be shown that Plaintiff sustained injuries and damages as a proximate result of the Defendant's negligence; and Plaintiff will respectfully request the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. From the day of the incident in question until the time of the trial of this cause, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows: the physical pain that Plaintiff suffered from the date of the collision in question up to the time of trial; the mental anguish that Plaintiff has suffered from the date of the collision in question up to the time of trial; the amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the

collision in question up to the time of trial; the diminished earning capacity sustained by Plaintiff from the date of the collision in question up to the time of trial; the physical incapacity and disability suffered by the Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; the disfigurement which Plaintiff has suffered from the date of the collision in question up to the time of trial; and the physical impairment suffered by Plaintiff from the date of the collision in question up to the time of trial.

### VIII.
### PLAINTIFF'S REQUEST FOR DISCLOSURES

23.    Pursuant to TEX. R. CIV. P. 194.3(a), Defendants are requested to disclose, within 50 days of service of this request, the information and material described in TEX. R. CIV. P. 194.2(a)–(l).

### IX.
### INTERROGATORIES TO DEFENDANT CON-WAY TRUCKLOAD INC.

24.    Pursuant to TEX. R. CIV. P. 197.2(a), DEFENDANT CON-WAY TRUCKLOAD INC. is requested to answer the following Interrogatories within 50 days of service of process.

**Interrogatory No. 1**
If you contend that any of Plaintiff's actions or omissions contributed to the incident, please describe how, in detail.

**Interrogatory No. 2**
Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of each person who provided information requested by these interrogatories. For each person identified, please state the information that person provided.

**Interrogatory No. 3**
Please state whether or not any insurer has denied coverage, or indicated that it is reserving its right to deny coverage, refuses to provide a defense, or refuses to

7

pay all or part of any judgment, and, if so, please identify every document containing or referring to any such denial, refusal, or reservation of rights.

**Interrogatory No. 4**

Do you contend that Plaintiff violated any traffic laws at the time or immediately prior to the collision? If so, describe what you contend to be the violation and give the statute number of the violation.

**Interrogatory No. 5**

Do you contend that any personal injuries or damages sustained by Plaintiff were caused by any incident which occurred either before or after the incident in question or any disease or physical condition which is not the result of the incident made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

**Interrogatory No. 6**

Do you intend to attempt to impeach Plaintiff, or any family member, employee, agent, representative, attorney or any other natural person or business or legal entity associated in any way with or acting or purporting to act for or on behalf of Plaintiff, with evidence of a criminal conviction, if any, as described in Rule 609 of the Texas Rules of Evidence? If so, please describe in detail such evidence, giving name of accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted. Please be as specific as you intend to be at trial.

**Interrogatory No. 7**

Do you intend to attempt to impeach any witness with evidence of a criminal conviction, if any, as described in Rule 609 of the Texas Rules of Evidence? If so, please describe in detail such evidence, giving name of accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted. Please be as specific as you intend to be at trial.

**Interrogatory No. 8**

Please state completely and fully all representations, statements, declarations or admissions of which you are aware that are relevant to the pending lawsuit and were made by Plaintiff, or any family member, agent, servant or employee of Plaintiff. Include in your answer when the communication was made, the total verbatim communication, and if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**Interrogatory No. 9**

Please identify your trial witnesses. A complete answer should include the name, address, and telephone number of any person who is expected to be called to testify at trial, along with a brief description of the subject matter upon which that witness is expected to testify. This interrogatory is not seeking the identity of rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

9

**Interrogatory No. 10**

Please state in detail your understanding of how the collision occurred. Include in your answer:

a)      your understanding of the cause of the collision, and

b)      the name, address, phone number, job title, and job description of all persons, excluding your attorneys, who provided or recorded information upon which you have relied in answering this interrogatory

**Interrogatory No. 11**

Identify all inspections, repairs, and maintenance of any vehicle involved in the incident made the basis of this lawsuit made during the 30 days prior to the incident made the basis of this cause of action, and include as part of your answer the name, address, telephone number, and work performed of each said inspection, repair, or maintenance performed.

**Interrogatory No. 12**

Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Supreme Court of Texas which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**Interrogatory No. 13**

Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck on January 24, 2014. What facts gave rise to your subjective relief?

**Interrogatory No. 14**

If the tractor-trailer driven by ROY HAGEN involved in this suit was equipped with a crash date recorder or "black box", please advise if the data has been downloaded from that recorder. If so, please identify who downloaded the data from that recorder and the results of the downloaded data.

**Interrogatory No. 15**
Please identify all employees (drivers and non-drivers) of CON-WAY TRUCKLOAD INC. for the five years previous to the incident made the basis of this suit through present. In your response, with regard to drivers, please be sure to list all drivers regardless of whether the driver was paid by the mile, paid a salary, or paid by 1099 as an independent contractor. Please include in your response at least the following information:

a.      each employee's name, last known address and phone number;

b.      each employee's title and job description; and,

c.      whether the person is a current or former employee. For all former employees, please, specify the last date of employment and reason for termination of employment.

## X.
## PLAINTIFF'S REQUESTS FOR PRODUCTION

25.    Pursuant to Tex. R. Civ. P. 196.2(a), Defendants are requested to answer the

following Requests for Production within 50 days of service of process.

### DEFINITIONS OF TERMS USED HEREIN

A.      Defendants: As used herein the term "Defendants" means ROY HAGEN and CON-WAY TRUCKLOAD INC., its departments, agencies, and subdivisions, its employees, drivers, independent contractors, owner/operators, trip lessors and its attorneys, investigators, brokers, agents, or any other representatives.

B.      Accident: Unless otherwise defined in a specific request, the term "Accident", as used herein, means the accident occurring on or about January 24, 2014 at the Flying J located at I-20 Exit 277 101 N. FM707, Tye, Taylor County, Texas 79563.

C.      Accident Files and Records: The term "Accident Files and Records", as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents, letters to or from or records and reports required from Defendant by other organizations, state and/or Federal governmental agencies.

D.      Co-Driver: As used herein "Co-Driver" means any person(s) driving or riding with Roy Hagen time to time in over-the-road motor carrier equipment, owned or operated by Defendant, and from time to time working for or with Roy

11

Hagen in the capacity of a co-driver and/or driver trainer.

E.      Driver: As used herein, the term "Driver or Drivers" means any person employed, or contracted for or with, by Defendant, including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to Defendant and drivers by any other person or organization who perform driving services for or on behalf of Jones Delivery Service, Inc.

F.      Driver's Qualification File: As used herein, the term "Driver's Qualification File", means those records specifically required by the FMCSR Part 382, 383 and 391 (see Definitions "M" and "N") to be created and maintained by CON-WAY TRUCKLOAD INC. on any driver who performs services or work for or on behalf of CON-WAY TRUCKLOAD INC. For your convenience, a basic description and definition of the documents requested is shown in sub-definitions "F-1 through F- 13", found in request number 7 herein, which are incorporated in this definition by reference. The definition does not include those documents defined in Definition "G" or other definitions found herein.

G.      Driver's Personnel File: The term "Driver's Personnel File", as used herein, means any and all files, records, communications or documents created by a driver, CON-WAY TRUCKLOAD INC. or any other person or organization that contains documents directed to, received from or about a driver (see Definition "E"). For your convenience, a basic description and definition of the documents required are shown in sub-definitions "G-1 through G-5" found in request number 9 herein, which are incorporated in this definition by reference. This definition does not include those documents found in Definition "F" or other definitions herein.

H.      Trip-Operational Documents: The term "Trip", as used herein, is defined as the transportation and/or movement of one load of cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel empty or unloaded from that destination point to the next point or location of loading, end of trip or new trip origin. The meaning of the term "Operational Documents", as used herein, is clearly defined in sub-definitions "H-1 through H-7" found in request number 95 herein for your convenience, which are incorporated in this definition by reference and are applicable to the records generated for each trip made by CON-WAY TRUCKLOAD INC. during the time period requested.

I.      Tractor: The term "Tractor", as used herein, unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by CON-WAY TRUCKLOAD INC. at the time the accident occurred.

J.      Trailer: The term "Trailer", as used herein, unless otherwise defined in a specific request herein, means any Trailer that may have been attached to the power unit being operated by CON-WAY TRUCKLOAD INC. on the date of the accident.

12

K.      Hours of Service Records: As used herein, the term "Hours of Service Records", means any and all documents created in reference to the FMCSR Part 395 (see definitions "M" and "N"), including, but not limited to, driver's record of duty status or driver's daily logs, time worked cards or other time work records or summaries, CON-WAY TRUCKLOAD INC.'s administrative driver's record of duty status or log audits and/or 70/60-hour log audits or summaries along with any records or reports of violations or, any otherwise described documents advising Defendant of hours of service violations. This specifically includes all advice, reprimands or warnings given or sent to ROY HAGEN or any of his co-driver(s) for violations of the FMCSR Part 395 (see definitions "M" and "N"), "Hours of Service of Drivers" Regulations created by or on behalf of CON-WAY TRUCKLOAD INC.

L.      Maintenance Files and Records: As used herein, the term "Maintenance Files and Records", means those documents required to be created and/or maintained by CON-WAY TRUCKLOAD INC. in accordance with the FMCSR Part 396 (see Definitions "M" and "N"), "Inspection, Repair and Maintenance." This includes, but is not limited to, all driver's Tractor and Trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendant or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of Defendant on the Tractor or Trailer as defined in Definitions "I" and "J" herein. This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of Defendant.

M.      CFR, Title 49, Parts 382 through 397: As used herein, "CFR Title 49" means the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Highway Administration, Subchapter B- Parts 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the accident in question, hereinafter referred to as "FMCSR, Parts 382, 383, 385, 387, 391, 392, 393, 395, 396, or 397."

N.      FMCSR: As used herein, "FMCSR" means the "Federal Motor Carrier Safety Regulations" as defined in Definition "M" herein.

O.      FOMCHS: As used herein, "FOMCHS" means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations," which is the federal agency having jurisdiction and field enforcement responsibilities for the FMCSR as defined in Definition "M" and "N" herein.

13

P.    TXMCSR: As used herein, "TXMCSR" means the "State of Texas Motor Carrier Safety Regulations" as adopted by the Texas Department of Public Safety in effect on the date of the accident. These rules are basically the same as the Federal Motor Carrier Safety Regulation as defined in Definitions "M", "N" and "O", herein and are applicable to motor carriers within the state of Texas.

Q.    Complete and Clearly Readable Copies: As used herein, the terms "Complete and clearly readable copies" means copies that are not reduced in size, unless the document being copied exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person. Plaintiff requests that each document that is reproduced by copy methods to satisfy this request, be produced on one page (one document per page), separate and apart from all other documents produced. If the copies reproduced to satisfy any request herein are not clearly readable, Plaintiff requests the originals be produced for purposes of viewing and copying by the plaintiff. The originals will be timely returned to the producing defendant.

R.    HMR: As used herein, "HMR" means the "Hazardous Materials Regulation", Parts 170 through 179, found in the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Subtitle B-other regulations relating to Transportation titled "The Hazardous Materials Regulations" in effect on the date of the accident in question, hereinafter referred to as "HMR Part 170, 171, 172, 173, 177, or 178. These rules have also been accepted by The State of Texas as set forth in definition "P" found herein.

1.    A copy of ROY HAGEN's driver logbook for the time period beginning three months before and ending one month after the incident made the basis of this suit.

2.    A copy of ROY HAGEN's DOT physical card which was in effect the date of the accident made the basis of this lawsuit.

3.    A copy of any and all of ROY HAGEN's driver's license(s).

4.    A copy of ROY HAGEN's social security card.

5.    Any copy of the driving record of ROY HAGEN which is in Defendant's possession.

6.    Copies of all drug, alcohol, and/or controlled substance test results ever performed on the driver, ROY HAGEN.

7.    Complete and clearly readable copies of the "Driver Qualification File" (see Definition "F") maintained by Defendant on ROY HAGEN along with any other documents contained therein, in their precise state of existence on the date of the incident made the basis of this suit. Please refer to the following sub-Definitions "F-1 through F- 13" herein and follow them closely.

14

F-1.   Any pre-employment questionnaire or other documents secured from ROY HAGEN prior to employment.

F-2.   Any and all completed application for employment secured from both before and/or after the actual date of contract or employment of ROY HAGEN.

F-3.   All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to ROY HAGEN.

F-4.   All of ROY HAGEN's annual violation statements which should include one for each twelve months of contract or employment with the Defendant motor carrier in the case.

F-5.   All actual driver's motor carrier road tests administered to ROY HAGEN.

F-6.   All actual driver's motor carrier written tests administered to ROY HAGEN.

F-7.   All road and written test certificates issued by CON-WAY TRUCKLOAD INC. or any other motor carrier or organization to ROY HAGEN regardless of the date issued or the originator of such certificates.

F-8.   All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by CON-WAY TRUCKLOAD INC. from past employers of ROY HAGEN.

F-9.   All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by Defendant, or other organizations on behalf of Defendant, from state and federal governmental agencies relative to ROY HAGEN's traffic and accident record.

F-10.  Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant, regardless of card issuance date or origin.   This specifically includes cards, as previously described herein, issued by other motor carriers to ROY HAGEN or his co-drivers presently in their personal possession.

F-11.  All annual reviews, file reviews or file summaries and related summaries and related documents found in the drive qualification file of ROY HAGEN.

15

F-12.   All documents relative to any drug testing of ROY HAGEN; and,

F-13.   Any and all other contents of ROY HAGEN's driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

8.      Complete and clearly readable copies of any and all other documents added to ROY HAGEN "Driver Qualification File" (see Definition "F") from January 24, 2014 to the present date, as presently maintained by CON-WAY TRUCKLOAD INC.  Please identify and produce such documents separate and apart from the documents requested in Request Number 7 herein.

9.      Complete and clearly readable copies of the "Driver Personnel File" (see Definition "G"), and/or any otherwise titled files on ROY HAGEN or in reference to ROY HAGEN's services, from initial contract or employment with CON-WAY TRUCKLOAD INC. to the present date. Please refer to the following sub-definitions G-1 through G-5 and follow them closely.

G-1.    Applications for Employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records computer generated documents and any other summary type document regardless of subject, description or form relative to ROY HAGEN or the services performed by ROY HAGEN.

G-2.    Hiring, suspension, termination, warning notes, complaints, letters, memorandums and any other similar type documents relative to ROY HAGEN.

G-3.    Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to ROY HAGEN.

G-4.    FOMCHS (see Definition "O") or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by ROY HAGEN, or any of his co-drivers.

G-5.    Any and all other documents found in such a file, regardless of description, title, form, origin, or subject, maintained by the Defendant in reference to ROY HAGEN, excluding only those documents required by the FMCSR Part 391, Driver Qualification, (see Definition "F") defined in request number 7, sub-definitions "F-1 through F-13" herein.

16

10.     Complete and clearly readable copies of any state of FOMCHS (see Definition "O"), issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of ROY HAGEN, his co-drivers, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of Defendant. This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State or Federal Motor Carrier Safety or Hazardous Materials Regulations (see Definitions "M" and "R") that may have been issued in reference to the activities of ROY HAGEN or his co-drivers or driver trainers from October 9, 2013 to present date.

11.     Complete and clearly readable copies of any and all other accident or incident file and records (see Definition "C") maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, where ROY HAGEN, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

12.     A copy, if any, of the arrest complaint and final order of adjudication regarding any charges filed against ROY HAGEN as a result of, or arising out of the incident made the basis of this cause of action.

13.     Copies of any time logs, payroll documents, or similar documents evidencing the amount of time worked by ROY HAGEN during the one month period prior to the incident in question.

14.     Copies of any counseling statements, employee discipline statements, or similar documents pertaining to ROY HAGEN.

15.     Copies of all documents that refer or relate to any training received by ROY HAGEN while employed by Defendant.

16.     Copies of all handbooks or other documents relating to commercial driver training ROY HAGEN received from you.

17.     Copies of all videos, manuals, or other materials provided to or reviewed by ROY HAGEN regarding driving trucks.

18.     All non-privileged documents which reflect, depict or discuss the physical or mental condition of ROY HAGEN before or after the incident in question.

19.     Documents evidencing any online and/or computer based commercial driver training ROY HAGEN received while employed by you.

20.     Produce a copy of ROY HAGEN's medical certificate as of the date of the incident in questions.

17

21.    Produce copies of ROY HAGEN's phone and pager logs and phone and pager bills for the time period beginning three months before and ending one month after the incident made the basis of this suit.

22.    Any records or documentation (medical or non-medical) concerning ROY HAGEN that would indicate whether ROY HAGEN was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

23.    Any documentation concerning ROY HAGEN involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

24.    All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that ROY HAGEN was an unsafe driver.

### EQUIPMENT

25.    A copy of the title to the truck ROY HAGEN was driving at the time in question.

26.    A copy of the title to the trailer ROY HAGEN was towing at the time in question.

27.    The vehicle license receipt for the vehicle operated by Defendant and any other documents which show the weight of such vehicle and the trailer at the time of the incident in question.

28.    Copies of any and all repair estimates and bills for the damages to the vehicle Defendant was driving at the time of the collision made the basis of this lawsuit.

29.    Any fixtures removed from Defendant's vehicle before or after the incident made the basis of this claim.

30.    Complete and clearly readable copies of any and all maintenance files and records (see Definition "L") from 01.01.2008 to present maintained by Defendant in accordance with the FMCSR/TXMCSR, Part 396 (see Definitions "M" and "N") on the Tractor (see Definition "I") involved in the accident inclusive of any inspections, repair or maintenance done to the Tractor. In addition, all driver daily vehicle condition reports submitted by any driver(s) on the Tractor from October 9, 2013 through October 9, 2013_ in the possession of Defendant. This specifically includes all the driver vehicle condition reports, maintenance files and records maintained by any other person(s) or organization(s) that ROY HAGEN or CON-WAY TRUCKLOAD INC. may have borrowed, rented or leased the Tractor from, or who performed maintenance

18

services on behalf of, or for CON-WAY TRUCKLOAD INC. or ROY HAGEN.

31.     Complete and clearly readable copies of any and all maintenance files
and records (see Definition "L") from January 24, 2013 to present maintained by
Defendant in accordance with the FMCSR/TXMCSR, Part 396 (see Definitions
"M" and "N") on the Trailer (see Definition "J") pulled by ROY HAGEN
inclusive of any inspections, repair or maintenance done to the Trailer. In
addition, all driver daily vehicle condition reports submitted by any driver(s)
from January 24, 2013 through January 22, 2014 in the possession of Defendant.
This specifically includes all the driver vehicle condition reports, maintenance
files and records maintained by any other person(s) or organization(s) that ROY
HAGEN or JONES DELIVERY SERVICE, INC. may have borrowed, rented or
leased the Tractor from, or who performed maintenance services on behalf of, or
for CON-WAY TRUCKLOAD INC. or ROY HAGEN.

32.(A) The truck-tractor and the semi-trailer combination operated by Defendant
at the time of the collision made the basis of this suit for purpose of inspection,
photographing and making measurements.

32.(B) A copy of all data, image material, reports, or download data relating to
the ECM (or vehicle, or engine computer) of Defendant's vehicle obtained after
the incident made the basis of this suit.

33.     Produce true and correct copies of all fines assessed and/or paid for
failing inspections relating to the tractor-trailer made the basis of this lawsuit
that were conducted between January 24, 2013 and February 24, 2014, inclusive.

34.     Copies of any contracts, leases or similar agreements between any and all
parties or potential parties to this suit which refer or relate to the vehicle ROY
HAGEN was operating at the time of the incident which forms the basis of this
suit.

35.     All documents that would reflect the weight being transported by the
front axle of the truck-tractor on the occasion in question.

36.     All documents reflecting or from which could be derived the weight
being carried by the drive axles of the combination on the occasion in question.

37.     All documents reflecting or from which could be derived the weight of
the trailer axle of the combination on the occasion in question.

38.     All documents reflecting or from which could be derived the total weight
for the truck-tractor semi-trailer combination on the occasion in question.

39.     A copy of the weight-bill for the cargo being transported.

40.     All documents reflecting or from which could be derived the empty

19

weight for the truck-tractor semi-trailer combination on the occasion in question.

## XI.
## PRAYER

26.     WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be

cited to appear and answer herein and upon final judgment, this Court award

Plaintiff all relief sought in accordance with TEX. R. CIV. P. 47(d) and all relief to

which Plaintiff may be entitled, general or specific, at law or in equity.

Respectfully submitted,

YUSUF LEGAL GROUP, P.C.

By: _____

S/ Tim Yusuf
State Bar No. 50511534
Pearland Town Center
11200 Broadway, Suite 2743
Pearland, Texas 77584
Telephone: 866-249-7633
Facsimile: 866-249-7635
tyusuf@yusuflegal.com

DANZIGER & DE LLANO, LLP
/S/
_____

Rodrigo R. de Llano, Jr.
State Bar No. 00786666
440 Louisiana Street, Suite 1212
Houston, TX 77002
Phone: (713) 222-9998
Facsimile: (713) 222-8866
rod@dandell.com

ATTORNEYS FOR PLAINTIFF
CHRISTOPHER HEMPERLEY

21

CAUSE NO. 10682-D

| | | |
|---|---|---|
| **CHRISTOPHER HEMPERLEY,** | § | **IN THE DISTRICT COURT OF** |
| Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | **TAYLOR COUNTY, TEXAS** |
| **ROY HAGEN and CON-WAY** | § | |
| **TRUCKLOAD, INC. d/b/a CON-WAY** | § | |
| **TRUCKLOAD,** | § | |
| Defendants. | § | **350TH JUDICIAL DISTRICT** |

## ORIGINAL ANSWER OF DEFENDANT CON-WAY TRUCKLOAD, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CON-WAY TRUCKLOAD, INC.** (hereinafter "Defendant"), Defendant in the above-entitled and numbered cause, and makes and files this its Original Answer, showing unto the Court as follows:

## I.

## GENERAL DENIAL

Subject to such stipulations and admissions as may be made hereafter, this Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which he has made against this Defendant and to do so before a jury composed of twelve (12) citizens of this County as is required by the laws and Constitution of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be rendered, that Plaintiff take nothing by this suit and that Defendant be permitted to go hence without delay and recover its costs in its behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,


*/s/ D. Randall Montgomery*
_____

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ASHLEY A. SMITH**
State Bar No. 24049385
*asmith@drmlawyers.com*
**D. RANDALL MONTGOMERY**
 **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT
CON-WAY TRUCKLOAD, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the  23rd   day of February, 2016.

**VIA E-FILE AND
CMRRR 9214 7969 0099 9790 1606 3237 84**
S. Tim Yusuf
Yusuf Legal Group, P.C.
11200 Broadway, Suite 2743
Pearland, Texas  77584

Rodrigo R. DeLlano, Jr.
Danziger & De Llano, LLP
440 Louisiana St., Suite 1212
Houston, TX 77002


*/s/ D. Randall Montgomery*
_____

**D. RANDALL MONTGOMERY**



CAUSE NO. 10682-D

| | |
|---|---|
| **CHRISTOPHER HEMPERLEY,** | § **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § **TAYLOR COUNTY, TEXAS** |
| **ROY HAGEN and CON-WAY** | § |
| **TRUCKLOAD, INC. d/b/a CON-WAY** | § |
| **TRUCKLOAD,** | § |
| **Defendants.** | § **350TH JUDICIAL DISTRICT** |

<u>**DEFENDANT'S JURY DEMAND**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CON-WAY TRUCKLOAD, INC.** (hereinafter "Defendant"), and demands a jury trial of all issues of fact in this lawsuit.

The filing of this Jury Demand, however, is not a request that the matter be set for trial at this time or that the matter be placed on the Court's docket at this time.

Respectfully submitted,


*/s/ D. Randall Montgomery*

_____
**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ASHLEY A. SMITH**
State Bar No. 24049385
*asmith@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __23rd__ day of February, 2016.

**VIA E-FILE AND**
**CMRRR 9214 7969 0099 9790 1606 3237 84**
S. Tim Yusuf
Yusuf Legal Group, P.C.
11200 Broadway, Suite 2743
Pearland, Texas  77584

Rodrigo R. DeLlano, Jr.
Danziger & De Llano, LLP
440 Louisiana St., Suite 1212
Houston, TX 77002

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**

**CAUSE NO. 10682-D**

| | | |
|---|---|---|
| **CHRISTOPHER HEMPERLEY,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **TAYLOR COUNTY, TEXAS** |
| **ROY HAGEN and CON-WAY** | § | |
| **TRUCKLOAD, INC. d/b/a CON-WAY** | § | |
| **TRUCKLOAD,** | § | |
| **Defendants.** | § | **350TH JUDICIAL DISTRICT** |

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

     Please take notice that on February 24, 2016, Defendant Con-Way Truckload, Inc. filed a

Notice of Removal of the above-captioned action with the United States District Court for the

Northern District of Texas, Abilene Division, a copy of which is attached hereto.

     Respectfully submitted,

     */s/ D. Randall Montgomery*
     **D. RANDALL MONTGOMERY**
     State Bar No. 14289700
     *Rmontgomery@drmlawyers.com*
     **ASHLEY A. SMITH**
     State Bar No. 24049385
     *asmith@drmlawyers.com*
     **D. RANDALL MONTGOMERY**
       **& ASSOCIATES, P.L.L.C.**
     12400 Coit Road, Suite 560
     Dallas, Texas 75251
     (214) 292-2600
     (469) 568-9323 (Facsimile)

     **ATTORNEYS FOR DEFENDANT**
     **CON-WAY TRUCKLOAD, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __23rd__ day of February, 2016.

**VIA E-FILE AND**
**CMRRR 9214 7969 0099 9790 1606 3237 84**
S. Tim Yusuf
Yusuf Legal Group, P.C.
11200 Broadway, Suite 2743
Pearland, Texas  77584

Rodrigo R. DeLlano, Jr.
Danziger & De Llano, LLP
440 Louisiana St., Suite 1212
Houston, TX 77002

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**

Page 1 of 1

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts    Images Help

# REGISTER OF ACTIONS
## CASE NO. 10682-D

| | | |
|---|---|---|
| Christopher Hemperley vs. Roy Hagen & Con-Way Truckload Inc. dba Con-Way Truckload | §<br>§<br>§<br>§<br>§ | Case Type: **Injury or Damage - Motor Vehicle**<br>Date Filed: **01/22/2016**<br>Location: **350th District Court** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **Defendant** | **Con-Way Truckload Inc.**  *Doing Business As*  Con-Way Truckload | |
| **Defendant** | **Hagen, Roy**<br>9381 Weldon Drive<br>Garden Grove, CA 92841 | |
| **Plaintiff** | **Hemperley, Christopher**<br>Jonesboro, Georgia | **S. Tim Yusuf**<br>*Retained*<br>866-249-7633(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 01/22/2016 | Original Petition<br>*Plaintiff's* | | |
| 02/03/2016 | First Amended Petition<br>*(PL's) and Discovery* | | |
| 02/03/2016 | Request For Issuance<br>*Roy Hagen* | | |
| 02/03/2016 | Request For Issuance<br>*Con-Way Truckload Inc. dba Con-Way Truckload* | | |
| 02/03/2016 | Citation by Mail<br>*Roy Hagen* | | |
| 02/03/2016 | Citation By Certified Mail<br>Hagen, Roy | Unserved | |
| 02/03/2016 | Citation by Mail<br>*Con-Way Truckload Inc. d/b/a Con-Way Truckload* | | |
| 02/03/2016 | Citation By Certified Mail<br>Con-Way Truckload Inc. | Served<br>Returned | 02/16/2016<br>02/16/2016 |
| 02/16/2016 | Green Card Returned<br>*ConWay Truckload Inc* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Hemperley, Christopher | | | |
| Total Financial Assessment | | | 521.00 |
| Total Payments and Credits | | | 521.00 |
| **Balance Due as of 02/23/2016** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 01/25/2016 | Transaction Assessment | | | 299.00 |
| 01/25/2016 | E-File Payment | Receipt # DC-151640 | Hemperley, Christopher | (299.00) |
| 02/03/2016 | Transaction Assessment | | | 2.00 |
| 02/03/2016 | E-File Payment | Receipt # DC-152423 | Hemperley, Christopher | (2.00) |
| 02/03/2016 | Transaction Assessment | | | 220.00 |
| 02/03/2016 | E-File Payment | Receipt # DC-152424 | Hemperley, Christopher | (220.00) |